IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> GENE CHRISTIAN COLLINS, <br><br> Defendant. | CR 18–150–BLG–DLC <br><br><br> ORDER |

Defendant Gene Christian Collins has filed a pro-se Motion to Appoint Counsel (Doc. 56), Motion to Dismiss (Docs. 59) and a Pro Se Letter (Doc. 60). For the reasons herein, the Motions will be denied.

## BACKGROUND

On November 30, 2018, a criminal complaint was filed against Defendant for felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). (Doc. 1.) Defendant was thereafter indicted with two counts of felon in possession of a firearm and ammunition on December 21, 2018. (Doc. 17.) On July 30, 2019, this Court sentenced Defendant to 36 months incarceration to run concurrent to any sentence imposed in Montana's Yellowstone County District Court, Case No. 18-1493, to be followed by 3 years of supervised release on each count. (Doc. 48.)

Defendant began his term of supervised release on June 17, 2021. (Doc. 53.)

1

On August 31, 2023, U.S. Probation filed a Petition for Warrant for Offender under Supervision. (Doc. 53.) The Petition alleges five violations: (1) use of alcohol; (2) possession or use of controlled substances; (3) failure to attend substance abuse treatment and failure to comply with substance abuse treatment requirements; (4) failure to participate in substance abuse testing requirements; and (5) failure to notify the probation officer before change in residence or employment such that Defendant's whereabouts were unknown. (*Id.*)

Defendant was arrested in the Central District of California on April 22, 2025. *See* CDCA MJ-25-2410-DUTY, Dkt. 2 (C.D. Cal. Apr. 23, 2025). Defendant appeared before a United States Magistrate on April 23, 2025, and was detained after a contested hearing. *Id.*, Dkt. 5. Defendant waived his right to an identity hearing but requested that a preliminary hearing be held in the prosecuting district. *Id.*, Dkt. 10. On April 24, 2025, the Magistrate Judge filed the final commitment and warrant of removal, which noted the waiver of the identity hearing and permanent detention order. *Id.*, Dkt. 11. Defendant is partially paralyzed from a fall and a stroke. (Doc. 59 at 2.)

On May 23, 2025, Defendant filed a Motion to Appoint Counsel and Motion for Reconsideration. (Doc. 56.) On July 9, 2025, Defendant filed his first Motion to Dismiss and, on July 17, 2025, Defendant filed a pro se letter titled Motion to Dismiss Revocation Proceedings. (Docs. 59, 60.) The filings primarily complain of

prejudicial delay with respect to the preliminary hearing. On July 23, 2025, the United States filed a Response to Defendant's Motions to Dismiss. (Doc. 61.) According to the Government and the United States Marshals Service, Defendant is currently in Pahrump, Nevada, awaiting transport to Montana. (*Id.* at 4.)

On July 24, 2025, Steven Babcock of the Federal Defenders of Montana moved for an order appointing counsel for Defendant. (Doc. 62.) This Court granted Mr. Babcock's motion to appoint counsel on July 25, 2025. (Doc. 64.) On July 29, 2025, the parties filed a Joint Motion for Hearing on Initial Appearance on Revocation Petition. (Doc. 65.) The Court has yet to rule on this Motion.

## DISCUSSION

Following the expiration of a term of supervised release, the district court can revoke a defendant's supervised release only if a warrant based on sworn facts was issued within the supervised release period. 18 U.S.C. § 3583(i); *United States v. Vargas-Amaya*, 389 F.3d 901, 907 (9th Cir. 2004). Here, because the revocation petition was filed on August 31, 2023, well before Defendant's term of supervised release was set to expire on June 16, 2024, Defendant's supervised release may be revoked. (*See* Doc. 53.) With that in mind, the Court will proceed to the arguments.

### I.     Motion for Appointment of Counsel

Defendant seeks appointment of counsel so that he may bring a motion to reconsider. (Doc. 56-1 at 4.) Because counsel has been appointed to represent

Defendant, this Motion will be denied as moot.

## II.   Dismissal due to Unreasonable Delay

Defendant argues that he has not had a preliminary hearing and that his transport from California to Montana has taken more time than expected. (*See* Docs. 59 at 3; 60 at 3.)

Where, as here, a defendant is arrested in a district that does not have jurisdiction to conduct a revocation hearing, the magistrate judge may only conduct a preliminary hearing if the alleged violation occurred in the district of arrest. Fed. R. Crim. P. 32.1(a)(5)(A). The magistrate must otherwise transfer the person to the district that has jurisdiction. Fed. R. Crim. P. 32.1(a)(5)(B). Federal Rule of Criminal Procedure 32.1(b)(1) governs preliminary hearing requirements for revocation proceedings. The Rule states:

> (A) **In General.** If a person is in custody for violating a condition of probation or supervised release, a magistrate judge must promptly conduct a hearing to determine whether there is probable cause to believe that a violation occurred. The person may waive the hearing.
>
> (B) **Requirements.** The hearing must be recorded by a court reporter or by a suitable recording device. The judge must give the person:
>
>   i.  notice of the hearing and its purpose, the alleged violation, and the person's right to retain counsel or to request that counsel be appointed if the person cannot obtain counsel;
>   ii. an opportunity to appear at the hearing and present evidence; and

      iii.    upon request, an opportunity to question any adverse witness, unless the judge determines that the interest of justice does not require the witness to appear.

(C) **Referral.** If the judge finds probable cause, the judge must conduct a revocation hearing. If the judge does not find probable cause, the judge must dismiss the proceeding.

In determining whether there has been a due process violation in the context of a revocation proceeding, courts consider both the reasonableness or unreasonableness of the delay and whether there has been actual prejudice. *United States v. Santana*, 526 F.3d 1257, 1260–61 (9th Cir. 2008). The "reasonableness" of the delay turns on both the length of the delay and the reasons for the delay. *Id.* (internal citations omitted) (concluding that delay of four months between arrest and revocation did not violate due process).

Here, Defendant appeared on the revocation petition in the Central District of California on April 23, 2025—the day after his arrest—where he waived his identity hearing and reserved his preliminary hearing for when he returned to the prosecuting district. The 98 days that have since elapsed certainly gives the Court pause. However, the Government explains that the Justice Prisoner and Alien Transportation System did not have a wheelchair protocol until the present matter. (Doc. 61 at 4.) Now that one is in place, Defendant is expected to be transported on the next airlift, which should be within the next thirty days. (*Id.*) Ultimately, the Court does not find this delay unreasonable given the complexities of transporting

prisoners and the need to ensure a medically safe transport for Defendant. Moreover, the Court sees no evidence that the Government intentionally delayed transferring Defendant, which further weighs against a finding of unreasonableness. *See United States v. Swanson*, 300 F. App'x 561, 562 (9th Cir. 2008).

Moreover, the Court finds Defendant has failed to demonstrate that he suffered any actual prejudice as a result of the delay. Prejudice includes circumstances such as "difficulty in contesting the alleged facts constituting a violation of their release conditions; hardship in finding and presenting favorable witnesses; or inability to produce evidence of mitigating circumstances which might result in continued probation despite the violation." *United States v. Wickham*, 618 F.2d 1307, 1310 (9th Cir. 1979). It appears that Defendant's only claim of prejudice is that he cannot show the significance and severity of his injury as it relates to the alleged violations and the need for his release pending the preliminary hearing. (Docs. 60 at 4–6; 59 at 7–10.)

Yet that is not the purpose of a preliminary hearing; rather, a preliminary hearing is intended to establish whether there is probable cause to believe that a violation of the conditions has occurred. Fed. R. Crim. P. 32.1(b)(1)(A). Moreover, unlike Federal Rule of Criminal Procedure 5.1, which requires a preliminary hearing to be held no more than 14 days after an initial appearance in the context

of new charges, Rule 32.1 requires only a "prompt" hearing in the district where the revocation petition is pending. Fed. R. Crim. P. 32.1(a)(5)(A); Fed. R. Crim. P. 32(b)(1)(A). With respect to Defendant's detention, it appears that a detention hearing was held in the Central District of California and that Defendant's release was denied. *See* MJ 25-2410, Dkt. 7. Finally, as the Government observes, Defendant admits that he "left for California and found that [he] had only made matters worse." (Doc. 59 at 2.) The Court finds that Defendant has not been prejudiced by his arrest in California and the subsequent transport procedures required to bring Defendant back to this District.

## CONCLUSION

Accordingly, for the reasons stated above,

IT IS ORDERED that Defendant's pro se Motion to Appoint Counsel (Doc. 56) is DENIED AS MOOT.

IT IS FURTHER ORDERED that Defendant's pro se Motion to Dismiss (Doc. 59) is DENIED.

DATED this 30th day of July, 2025.

_____
Dana L. Christensen, District Judge
United States District Court